UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JAVELLE N. WILSON,

                                                                                     DECISION AND ORDER

                                 Plaintiff,

                                                                                      19-CV-0409L

                        v.

ANDREW SAUL,
Commissioner of Social Security,

                                 Defendant.
_____

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On June 29, 2015, plaintiff, then thirty-three years old, filed applications for a period of disability and disability insurance benefits, and for supplemental security income, alleging an inability to work as of June 29, 2014. (Administrative Transcript, Dkt. #6 at 15). Her applications were initially denied. Plaintiff requested a hearing, which was held on February 2, 2018 via videoconference before Administrative Law Judge ("ALJ") Lisa B. Martin. The ALJ issued an unfavorable decision on May 31, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #6 at 15-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on February 1, 2019. (Dkt. #6 at 1-3). Plaintiff now appeals.

The plaintiff has moved for remand of the matter for further administrative proceedings (Dkt. #11), and the Commissioner has cross moved (Dkt. #14) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

Determination of whether a claimant is disabled within the meaning of the Social Security Act follows a well-known five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§404.1509, 404.1520. The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

The ALJ's decision summarizes plaintiff's medical records and treatment history, with particular focus on plaintiff's diabetes with lower extremity neuropathy, lumbar spine disorder, hypertension, migraine headaches, depression, sleep apnea, anxiety with panic attacks, and obesity, which the ALJ concluded together constituted a severe impairment not meeting or equaling a listed impairment. (Dkt. #6 at 18).

Applying the special technique to plaintiff's mental health diagnoses, the ALJ found that plaintiff is mildly limited in understanding, remembering and applying information, mildly limited in social interaction, moderately limited with respect to concentration, persistence and pace, and mildly limited in adapting and managing herself. (Dkt. #6 at 20-21). Upon review of the entire record, the ALJ found that plaintiff had the residual functional capacity ("RFC") to perform light work, with the ability to stand or walk for up to four hours in an eight-hour workday, and the

ability to sit without limit.  Plaintiff requires the ability to change position for 1-2 minutes every half hour, and is precluded from all ladder, rope, and scaffold climbing, with the ability to otherwise engage in "occasional postural motions."  Plaintiff can frequently, but not constantly, engage in left upper extremity handling, fingering and feeling tasks.  She is precluded from all dangerous work hazards, and all exposure to extreme temperatures or humidity.  She is limited to detailed (but not complex) work tasks that do not involve a fast assembly quota pace, and which allow for up to three percent off-task behavior during the workday.  (Dkt. #6 at 22).

When presented with this RFC at the hearing, vocational expert Thomas Grzesik opined that plaintiff would be unable to return to her past relevant work as a babysitter, hand packager, or sandwich maker, but could perform the representative light positions of routing clerk and marking clerk.  (Dkt. #6 at 27-28).

## I.    Treating Physician Opinions

It is well-settled that "the medical opinion of a claimant's treating physician is given controlling weight if it is well supported by medical findings and not inconsistent with other substantial record evidence."  *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).  In determining what weight to give a treating physician's opinion, the ALJ must consider: (1) the length, nature and extent of the treatment relationship; (2) the frequency of examination; (3) the evidence presented to support the treating physician's opinion, particularly medical signs and laboratory findings; (4) whether the opinion is consistent with the record as whole; and (5) whether the opinion is offered by a specialist in the relevant area.  *See* 20 C.F.R. §404.1527(d); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).[1]  Further, the ALJ must articulate her reasons for assigning the weight she gives to a treating physician's opinion.  *See Shaw*, 221 F.3d 126 at 134;

---

[1] Changes to the Administration's regulations regarding the consideration of opinion evidence eliminate application of the "treating physician rule" for claims filed on or after March 27, 2017.  For the purposes of this appeal, however, the prior version of the regulation applies.

3

*Snell v. Apfel*, 177 F.3d 128, 133 (2d Cir. 1999). An ALJ's failure to apply the treating physician rule factors and give good reasons for declining to grant controlling weight is reversible error. *Burgess*, 537 F.3d 117 at 129-30.

Family medicine specialist Dr. Priyanka Patnaik treated plaintiff on an ongoing basis from at least June 2012 through August 20, 2017, when she completed an RFC assessment form. Dr. Patnaik identified plaintiff's diagnoses of left-side carpal tunnel syndrome, diabetes, hypertension, migraines, and knee and back pain as permanent physical conditions. (Dkt. #6 at 383). Dr. Patnaik opined that plaintiff's symptoms would cause her to be "moderately" limited in walking, standing, using her hands, and climbing or using stairs, and "very" limited with respect to lifting, carrying, pushing, pulling and bending. (Dkt. #6 at 384). She further noted that plaintiff should not engage in repetitive motions, lifting, pushing or pulling, and should not be exposed to bright light. Plaintiff had no limitations, in Dr. Patnaik's view, with respect to sitting, seeing, hearing, speaking, and all categories of work-related mental functioning. *Id*.

In reference to Dr. Patnaik's opinion, the ALJ stated that she "g[a]ve the medical source statement at Exhibit 6F some weight," as "[t]he provider's findings are generally consistent with examinations showing intact cognition, a normal gait and stance, good extremity range of motion, and intact extremity sensation, reflexes, range of motion, and coordination. However, based on the evidence of record as a whole, the consultative examination [by Dr. Donna Miller],[2] the [non-examining] State agency consultant's opinions, and in accordance with SSR 96-8p [which generally describes the factors relevant to an RFC determination], I find that the claimant retains the specific functional capacity determined herein." (Dkt. #6 at 25-26).

---

[2] Dr. Miller examined plaintiff on September 18, 2015 and rendered an RFC assessment of plaintiff's exertional capacity. She objectively noted limitations only with respect to squatting and spinal range of motion, and opined that plaintiff's only exertional limitation was a "mild limitation for repetitive motion of her left hand and wrist." (Dkt. #6 at 356-59). The ALJ granted Dr. Miller's opinion "great" weight, finding it to be consistent with unspecified "longitudinal evidence of record." (Dkt. #6 at 26).

4

This explanation is factually erroneous, fails to examine any of the factors relevant to the assessment of a treating source's opinion, and does not furnish "good reasons" for rejecting Dr. Patnaik's opinion. Initially, it is unclear whether the ALJ even knew which of plaintiff's medical sources provided Dr. Patnaik's statement: she refers to its author only as "the provider," and offers no assessment whatsoever of *any* of the *Burgess* factors, such as the amount of time Dr. Patnaik treated plaintiff, Dr. Patnaik's area of specialty, etc.

Furthermore, contrary to the ALJ's observation, Dr. Patnaik's opinion was *not* "generally consistent" with objective findings that plaintiff has intact extremity sensation, reflexes, range of motion and coordination. Dr. Patnaik identified carpal tunnel syndrome, diabetes, knee pain and back pain among plaintiff's medical conditions, and described logically associated limitations in standing, walking, handling, climbing, etc. These findings contradict the notion that plaintiff's sensation, reflexes, range of motion and coordination were intact – a contradiction the ALJ was required to recognize, examine and reconcile in making her RFC finding. (Dkt. #6 at 384-85).

Indeed, the ALJ's reliance on unspecified "evidence" that plaintiff had "intact extremity sensation" and coordination is facially contradicted by the ALJ's own finding that plaintiff's severe impairments included neuropathy of the lower extremities, a condition characterized by muscle weakness, lack of coordination, numbness and pain in the legs and feet.[3] To the extent that the ALJ meant to indicate that she believed that Dr. Patnaik's opinion was inconsistent with some of Dr. Patnaik's own objective findings in plaintiff's treatment records, the ALJ did not so

---

[3] *See generally* https://www.mayoclinic.org/diseases-conditions/peripheral-neuropathy/symptoms-causes/syc-20352061 (visited June 30, 2020). Plaintiff's treatment records appear to substantiate diminished sensation consistent with the symptoms of peripheral neuropathy. *See e.g.*, Dkt. #6 at 337 (October 13, 2014 monofilament testing demonstrating diminishment of tactile sensation in some areas on right and left feet), 329-32 (August 4, 2015 treatment notes by Dr. Patnaik observing decreased pinprick sensation in left leg/foot, and noting plaintiff's complaints of left leg tingling, numbness and pain).

5

state, and the Court will not attempt to engage in post hoc guesswork concerning the ALJ's reasoning.

Because Dr. Patnaik's opinion manifestly described limitations beyond what the ALJ determined in her RFC finding, including greater-than-moderate limitations on lifting, carrying, pushing, pulling, bending, and repetitive motions, the ALJ's failure to properly weigh Dr. Patnaik's opinion and to furnish good reasons for rejecting it cannot be said to be harmless error. *See Ferraro v. Saul*, 2020 U.S. App. LEXIS 7794 at \*5-\*6 (2d Cir. 2020) (remand is necessary where ALJ failed to apply the *Burgess* factors or to give "good reasons" for discounting treating sources' opinions: conclusory assertions that treating physician opinions were not supported by medical evidence, or were inconsistent with opinions by consulting physicians, were not "good reasons"); *Byrne v. Berryhill*, 752 Fed. Appx. 96, 98 (2d Cir. 2019) (ALJ's conclusory reasons for rejecting treating physician opinions, without consideration of the *Burgess* factors or the furnishing of good reasons for the weight assigned, "contravenes the regulations and requires remand"). Remand is accordingly required.

This is not a case "[w]here the existing record contains persuasive proof of disability and a remand for further evidentiary proceedings would serve no further purpose." *Martinez v. Commissioner*, 262 F.Supp.2d 40, 49 (W.D.N.Y. 2003). *See also Curry v. Apfel*, 209 F.3d 117, 124 (2d Cir. 2000). Remand is necessary so that the Commissioner can apply the proper legal standards in weighing the evidence of record, and to obtain additional evidence and clarification, as appropriate, from plaintiff's medical sources. *See Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999).

**CONCLUSION**

For the forgoing reasons, I find that the ALJ's decision was not supported by substantial evidence, and was the product of factual and legal error.  The plaintiff's motion for judgment on the pleadings (Dkt. #11) is granted, the Commissioner's cross motion for judgment on the pleadings (Dkt. #14) is denied, and this matter is remanded for further proceedings.

On remand, the ALJ should summarize the evidence of record, re-evaluate the medical opinions of record with a detailed application of the treating physician rule to Dr. Patnaik's opinion, and re-determine plaintiff's RFC for the relevant period, with particular focus on plaintiff's physical and postural limitations, including those relating to lifting, carrying, standing, walking, bending, pushing and pulling, handling and fingering, and engaging in repetitive motions.  To the extent that the ALJ finds that additional evidence and explanation is necessary to reach findings that are based on substantial evidence, the ALJ is directed to recontact plaintiff's treating physician(s) to request expanded and/or updated opinions, or to order consultative examinations as appropriate.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　July 2, 2020.